# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

BIGLER JOBE STOUFFER, II, )
)
          Petitioner, )
)
v. )    No. CIV 12-329-RAW-KEW
)
ANITA TRAMMELL, Warden, )
)
          Respondent. )

## OPINION AND ORDER

    This matter is before the court on the respondent's motion to dismiss petitioner's amended petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections (DOC), is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma. He alleges his amended habeas petition is based on the respondent's "unauthorized departure from the status quo administration of petitioner's judgment and death sentence, which was utilized successfully for decades by previous administrations." (Docket No. 13 at 2).

    Petitioner sets forth two grounds for relief in his vague, unclear, and repetitive amended petition:

> Ground I: Petitioner's Eighth Amendment right to be free from cruel and unusual punishment is deliberately ignored by respondent's unauthorized enforcement of Okla. Stat. tit. 57, § 138 / OP-060107, Class Level Systems on death-sentenced petitioner.

(Docket No. 13 at 3).

> Ground II: Petitioner's Fourteenth Amendment rights to due process and for equal protection are withheld or denied by respondent's unauthorized enforcement of Okla. Stat. tit. 57, § 138 / OP-060107 upon death-sentenced petitioner.

(Docket No. 13 at 4). He further asserts:

> Petitioner specifically challenges respondent's legal authority to (1) initially commit death-sentenced petitioner into the class level system, OP-060107, (2) the prefunctory [sic] evaluations therein, and (3) the indefinite

withholding/denials of petitioner's rights, privileges, and immunities, without providing petitioner a meaningful mechanism to receive the fundamental elements of due process and finality.

(Docket No. 13 at 5).

Petitioner is asking the court to reverse and expunge all prior enforcement of Okla. Stat. tit. 57, § 138 / OP-060107 against him. (Docket No. 13 at 7). He also wants restoration of the "status quo judgment and death sentence administration, with fundamental due process principles required." *Id.* Petitioner's amended motion for preliminary injunction (Docket No. 14) essentially summarizes his amended petition and requests the same relief.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(D). The one-year limitations period also applies to § 2241 habeas corpus actions. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

Petitioner alleges he is entitled to relief, because he has been sentenced to death and, consequently, the state statute concerning earned credits does not apply to him. Pursuant to 28 U.S.C. § 2244(d)(1)(D), the limitations period began to run when he discovered or could have discovered the factual predicate of his claim. Petitioner asserts in his amended petition that he has been raising this issue in litigation as far back as 2006. (Docket No. 13 at 2). Based on his own statement, petitioner's one-year limitations has expired.

Because petitioner did not diligently pursue his claim, equitable tolling is not available. Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Generally, equitable tolling requires a litigant to establish "'(1) that he has been

2

pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). *See also Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

Petitioner has filed two responses to the motion, both alleging this action is not time-barred. (Docket Nos. 22 and 24).[1] Petitioner admits he has had previous administrative actions concerning this issue and contends each had a separate limitations period. The issue, however, is when he first discovered that Okla. Stat. tit. 57, § 138 / OP-060107, Class Level Systems, was wrongfully being applied to him. His separate administrative appeals on this same issue did not restart the one-year time limitation. Furthermore, petitioner has been challenging the application of Okla. Stat. tit. 57, § 138, to him, as a death-sentenced prisoner, as early as 2008. *See Stouffer v. Sirmons*, No. CIV-08-156-RAW-KEW (E.D. Okla. Apr. 28, 2008); *Stouffer v. Workman*, No. CIV-10-298 (E.D. Okla. Aug. 9, 2010); *Stouffer v. Workman*, No. 10-443 (E.D. Okla. Nov. 22, 2010).

**ACCORDINGLY,** the respondent's motion to dismiss this time-barred petition for a writ of habeas corpus (Docket No. 18) is GRANTED, and all other pending motions are DENIED as moot. This action is, in all respected, DISMISSED.

**IT IS SO ORDERED** this 17th day of September 2013.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] The two responses appear to be identical, except the later one includes a copy of a Request to Staff, dated December 31, 2012.

3